UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEBORAH ORENBUCH,

                                      Case 2:08-cv-02027 (ADS) (ARL)

       Plaintiff,

  -against-

LEOPOLD, GROSS & SOMMERS, P.C.

------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(b)(1).**

                                      Abraham Kleinman
                                      KLEINMAN LLC
                                      Attorney for Plaintiff
                                      626 RexCorp Plaza
                                      Uniondale, New York 11556-0626
                                      Telephone (516) 522-2621

## I. JURISDICTIONAL STATEMENT

This action was brought pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331.

## II. ISSUE PRESENTED

Whether the continued debt collection of disputed overpayment of salary, is subject to the protections of the Fair Debt Collection Practices Act.

## III. STATEMENT OF THE CASE

On or about March 25, 2008, the Plaintiff received an attorney debt collection letter from the Defendant claiming overpayment of salary. The letter stated that "[T]his communication is from a debt collector, and this is an attempt to collect a debt."

The debt collection letter letter requested that the recipient contact the attorney at once if there was a legal defense.

The debt collection letter recited the language required by the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4) and 1692e(11), which apprised the consumer of the ability to dispute the validity of the debt and that it was an attempt to collect a debt by a debt collector.

The Plaintiff alleges within the Complaint that the letters and collection campaign violated the Fair Debt Collection Practices Act by virtue of the fact that the defendant attempted to collect the debt that Ms. Orenbuch disputed prior to issuing Ms. Orenbuch verification of the debt and that

the text of the collection letter violated 15 U.S.C. §§ 1692g(a)(3) and 15 U.S.C. § 1692g(a)(4) by the debt collector demanding contact "at once."

The Complaint seeks damages for Defendant's violation of the FDCPA and New York State law.

## IV. SUMMARY OF ARGUMENT

Plaintiff would submit that a law firm and its attorney who include the Fair Debt Collection Practices Act warnings during its continued attempts to collect purported and properly disputed salary overpayment of a school teacher who has retired greater than six years ago, is a debt collector attempting to collect a consumer debt, and subject to the rules of the FDCPA.

## V. STANDARD OF REVIEW

On a Motion to Dismiss or for judgment on the pleadings a Court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123,126 (2d Cir. 2001). A case should not be dismissed unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief. *Id.*

## VI. ARGUMENT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. Mace v. Van Ru Credit Corp., 109 F.3d 338, 1997 U.S. App. LEXIS 5000 at *5 (7th Cir. 1997); Baker v. G.C. Services Corp,. 677 F.2d

775, 777 (9th Cir 1982); McCartney v. First City Bank, 970 F.2d 35, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information, such as verification of disputed debt. 15 U.S.C. §§ 1692d, 1692e and 1692g(b). Statutory damages are recoverable for violations, whether or not the plaintiff proves actual damages. Baker, 677 F.2d at 780-1; Woolfolk v. Van Ru Credit Corp., 783 F.Supp 724,727 and n.3 (D.Conn. 1990); Cacace v. Lucas, 775 F. Supp. 502 (D.Conn. 1990); Riveria v. MAB Collections, Inc., 682 F.Supp 174, 177 (W.D.N.Y. 1988); Kuhn v. Account Control Technol., 865 F.Supp. 1443, 1450 (D.Nev 1994); In re Scrimpsher, 17 B.R. 999, 1016-7 (Bankr. N.D.N.Y. 1982); In re Littles, 90 B.R. 669, 680 (Bankr. E.D.P. 1988), aff'd 868 F.2d 566 (3d Cir. 1989).

Whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." Clomon v. Jackson, 988 F.2d 1314 (3d Cir. 1993); Taylor v. Perrin, Landry, de Launday & Durand, 103 F.3d 1232, 1997 U.S.App LEXIS 1637 (5th cIR. 1997); Graziano v. Harrison, 950 f.2D 107, 111 (3d Cir. 1991); Smith v. Transworld Systems, Inc. 953 F.2d 1025, 1028-9 (6th Cir 1992; Swanson v. Oregon Credit Service, Inc. 869 F.2d 1222, 1225-6 (9th Cir 1988); Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Russey v. Rankin, 911 F.Supp 1449 (D.N.M. 1995); Bukumirovich v. Credit Bureau of Baton Rouge, Inc., 155 F.R.D. 146 (M.D.La. 1994); United States v. National Financial Servs., 829 F.Supp 228, 2432 (D.Md 1993), aff'd 98 F.3d 131, 135 1996 U.S.App LEXIS 26645 (4th Cir. 1996). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon, supra.*

The question presented is whether an attorney debt collector may state that it is a debt collector attempting to collect a debt and proceed to violate the FDCPA by claiming that it is not collecting a consumer debt despite the likelihood fact that the subject debt was disputed and maybe time

4

barred.

## VII. THE COLLECTION LETTERS AND CAMPAIGN CONCERN A CONSUMER DEBT

Defendant admits within its memorandum that "[Exhaustive research was conducted to determine whether any federal or New York state courts have determined whether a salary overpayment could fall within the realm of the FDCPA, with no cases being found." (Defendant's memorandum page 4.) This has not deterred defendant from seeking dismissal, without securing case law or authority which would state that purported salary overpayment is not a consumer debt.

Defendant has also devoted a section of its brief, entitled, Interesting Facts, (Page 2), which states that Plaintiff " is no stranger to the Federal Courts, or to FDCPA cases." Defendant is unable to state why this is interesting.

Furthermore, while defendant claims that salary overpayment is not a debt contemplated by the FDCPA, it has not evidenced that the Plaintiff is a debtor. Specifically, Plaintiff received an attorney debt collection letter from defendant, whose letterhead announces him to be a Special Assistant Corporation Counsel. Plaintiff, a retired New York City school teacher, who is retired for greater than six years, immediately disputed the debt, by Certified Mail. Defendant duly received the dispute of the validity of the debt, and at that moment, the debt collector may not either presume the validity of the debt nor contact the consumer until verification of the debt is mailed to the consumer. 15 U.S.C. § 1692g(a)(3) and 15 U.S.C. § 1692g(b).

When defendant again contacted the Plaintiff by letter dated May 5, 2008, it still had not provided verification. By operation of law, on May 5, 2008, there was no valid debt, because the debt was

5

disputed, yet defendant contacted the Plaintiff concerning a unverified disputed debt in violation of 15 U.S.C. § 1692g(b).   Defendant may not hide its FDCPA violation by now claiming that its letters concerning a disputed debt are not consumer in nature when it employed FDCPA language and has not evidenced that the consumer is a debtor of a consumer or business obligation.

## CONCLUSION

Based on the forgoing reasons, the motion of the Defendant should be denied in all respects.

Respectfully submitted,

Uniondale, New York
July 18, 2008

By: _____
Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621

6